## Chicago & Alton Railroad Company v. Fred S. Cook.

1. JURY—*Province of, in Case Where the Evidence is Conflicting.*— In a conflict of testimony it is the peculiar province of the jury to decide where the truth lies; and unless this court can see that they were improperly instructed their finding will not be disturbed.

**Assumpsit,** for wages. Trial in the Circuit Court of Sangamon County on pleas of set-off; the Hon. JAMES A. CREIGHTON, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

PATTON, HAMILTON & PATTON, attorneys for appellant.

CONNOLLY, MATHER & SNIGG, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

Appellee, a discharged passenger conductor from appellant's railroad, brought this suit to recover $171.20 for wages due him at the time of his discharge. It was admitted that amount was due him for wages, but it was contended that appellee had received as the fruits of a scheme operated by him and appellant's ticket agent at Springfield, an amount exceeding that sum, and a counter claim was filed. It was claimed that $370 had been so received by him and that there was due appellant, after allowing a credit of the $171.20, a balance of $198.80.

The jury refused to allow the counter claim and returned a verdict for $171.20, for which judgment was rendered.

The name of the ticket agent at Springfield, with whom it is contended appellee carried on the scheme by which appellant was defrauded, was John W. Council. The plan was for appellee to take up tickets which had been sold from the Springfield office to passengers and return them to Council, who would again sell them and divide the proceeds equally with appellee. It is claimed that such fraudulent scheme was carried on from November, 1894, to June,

1896, and that by it appellee received several hundred dollars of money. The entire plan of operation was fully explained by Council, who, after being detected, made a confession. He was contradicted by appellee. There was but little outside of their testimony to enable the jury to determine where the truth was. In the conflict it was the peculiar province of the jury to decide. Unless we can see that they were improperly instructed, their finding should not be disturbed.

Among the instructions given for the plaintiff was the following:

"The court instructs the jury that the defendant has admitted the claim of plaintiff against it, amounting to $171.20, and plaintiff does not have to prove the same, and your verdict should be for that amount in favor of plaintiff unless you believe from a preponderance of the evidence that plaintiff fraudulently converted defendant's money to his own use while in its service, or that he embezzled money belonging to the defendant, as claimed by the defendant, and the burden is upon the defendant to prove by a preponderance of evidence such conversion or embezzlement."

It is objected to this instruction that it does not define fraudulent conversion or embezzlement, and that it limits a finding upon the set-off to a case of embezzlement under sections 74 and 75 of the Criminal Code, when appellant was entitled to recover on its counter claim if the evidence showed that appellee violated section 77 of the code in fraudulently neglecting to cancel tickets with intent to permit them to be used to the injury of the company.

In view of the testimony of Council and the contention of appellant upon the trial there was nothing harmful to appellant in this instruction. If Council swore the truth, appellee was guilty of embezzlement and had money which belonged to appellant and which was properly subject to set-off. Appellant tried the case upon that theory. If, as contended before us, appellee was liable to appellant for the reason that he had violated section 77 of the Criminal Code in simply failing to cancel tickets, and the case was

not one of embezzlement, then the right of action was not maintainable by set-off. It was not necessary to define fraudulent conversion or embezzlement. Judgment affirmed.